# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| Rismed Oncology Systems, Inc., ) | |
|   Plaintiff. ) | |
| ) | |
| v. ) | CV12_____ |
| ) | JURY DEMANDED |
| Daniel Esgardo Rangel Baron, ) | |
| Isabel Rangel Baron, ) | |
| Rismed Dialysis Systems, Corp. (Alabama), ) | |
| Rismed Dialysis Systems, Corp. (Florida), ) | |
| Rismed Dialysis System, C. A. Venezuela, ) | |
|   Defendants. ) | |

## Parties

1. The Plaintiff, Rismed Oncology Systems, Inc. ("ROS"), is an Alabama Corporation whose principle place of business is located in Huntsville, Alabama. ROS supplies medical equipment to Latin America, principally Venezuela.

2. Defendant, Rismed Dialysis Systems, Corp. of Alabama ("RDS, Alabama") is an Alabama Corporation, with a principle place of business in Brownsboro, Alabama.

3. Defendant, Rismed Dialysis Systems, Corp. of Florida ("RDS, Florida") is a Florida Corporation, with a principle place of business located in Doral, Florida.

4. Defendant, Rismed Dialysis System, C. A. Venezuela ("RDS, Venezuela") is a Venezuelan company with its principle place of business located in Caracas, Venezuela.

5. Isabel Rangel Baron is a resident of Caracas, Venezuela.

6. Daniel Esgardo Rangel Baron is a resident of Caracas, Venezuela and owns property in Florida.

## Jurisdiction and Venue

7. Jurisdiction in this matter exists pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and the action is between citizens of different states. This Court also has jurisdiction pursuant to 28 U.S.C. 1331 because this is an action arising under the laws of the United States.

8. Venue is proper in this district pursuant to 18 U.S.C. § 1965 because Defendants, RDS Alabama and Daniel Alberto Rangel transacted their affairs in this district and furthermore because the ends of justice so require under 18 U.S.C. § 1965(b).

## Facts

9. Around the year 2003, ROS began contract negotiations with the Instituto Venezolano de los Seguros Sociales ("IVSS"). Among other things, the IVSS provides dialysis services to the people of Venezuela. The IVSS was searching for a reliable distributor of medical equipment and supplies.

10. Following years of discussions, and multiple negotiations, ROS was able to secure a contract with the IVSS in 2004. Under the terms of the contract, ROS was to be the principal supplier of medical materials for dialysis to the IVSS in an open contract due to the urgency of the supplies.

11. The contract with the IVSS was negotiated by ROS and its president, Jose Rodriguez. Defendant, Daniel Esgardo Rangel Baron was involved as a sales representative of ROS with the IVSS. Daniel Alberto Rangel was an employee of ROS in Alabama.

12. Starting in 2005 ROS began performance under its contract with the IVSS. ROS would invoice IVSS under its trade name "Rismed Dialysis Systems". Essentially, Rismed Oncology Systems, Inc. d/b/a Rismed Dialysis Systems.

13. The IVSS would pay its invoices by wire transfer to ROS's bank accounts, principally, its bank account at Regions Bank in Huntsville, Alabama.

14. The contract quickly became highly profitable generating $13.7 Million dollars of revenue.

15. In 2006 Daniel Rangel Baron informed Jose Rodriguez that ROS did not win the contract renewal with the IVSS.

16. In 2012, Jose Rodriguez, the president of ROS discovered that in 2006, Daniel Alberto Rangel at the direction of Daniel Rangel Baron incorporated the defendant company Rismed Dialysis Systems, Corp. located in Huntsville, Alabama to handle the IVSS contract which belonged to ROS.

17. In 2012, upon inquiry to officials in Venezuela, ROS further discovered that the IVSS had in fact renewed its contract with ROS in 2006 and the contract was in fact performed and is presently being performed.

18. Upon information and belief RDS Alabama set up its own bank accounts including at banks in Huntsville, Alabama to receive wire payments from the IVSS that were in fact payments to the Plaintiff, ROS.

2

19. Upon information and belief, Defendants also set up RDS, Florida, RDS, Venezuela and other entities, to further convert, divert and conceal funds belonging to Plaintiff ROS.

20. At all times, the Defendants were acting in concert with one another, all of whom have benefited from funds that are belonging to ROS.

21. Upon information and belief, funds belonging to ROS have also been used to purchase real estate in Alabama and Florida.

### The 18 U.S.C. § 1962(c) Enterprise

22. Defendants RDS, Alabama, Isabel Rangel Baron, Daniel Esgardo Rangel Baron were associated in fact as the "Enterprise" for the common purpose of enriching themselves and by defrauding ROS with regard to its contract with IVSS.

23. The Enterprise operated continuously from at least 2006.

24. The Enterprise was conceived of by Daniel Esgardo Rangel Baron.

25. Each member of the enterprise had definable roles as discussed herein.

26. Daniel Esgardo Rangel Baron and Isabel Rangel Baron first attempted to have IVSS officials in Venezuela change the name of the contract award from ROS, to their own company.

27. Daniel Esgardo Rangel Baron provided false information regarding the status of the IVSS contract renewal to ROS.  At the direction of the enterprise, Daniel Alberto Rangel incorporated RDS, Alabama.  Daniel Alberto Rangel caused RDS, Alabama to open a bank account at AmSouth Bank in Alabama.

28. Daniel Esgardo Rangel Baron and Isabel Rangel Baron caused the IVSS to change the routing number of its payments to ROS such that the payments would be deposited into RDS, Alabama's account instead of ROS's bank account.

29. Thereafter, Daniel Esgardo Rangel Baron directed Daniel Alberto Rangel to create RDS, Florida and to open bank accounts in its name.

30. Thereafter the Enterprise caused the IVSS to change the routing number on its payments to RDS Alabama such that the funds would be deposited in RDS, Florida's account.

31. Upon information and belief, the Enterprise also caused the creation of RDS, Venezuela so as to route money back from RDS, Florida and RDS, Alabama back to Venezuela for the benefit of Daniel Esgardo Rangel Baron and Isabel Rangel Baron.

32. The individual defendants, Isabel Rangel Baron and Daniel Esgardo Rangel Baron, have each received remuneration for their roles in the enterprise.

33. Upon information and belief, proceeds from the Enterprise's activities has been used to purchase real estate in Alabama, Florida and other locations.

### Racketeering Activity

34. The Enterprises' activities were consummated using instrumentalities of interstate commerce on a regular basis, including without limitation United States Postal Service, telephone calls, facsimile and bank wires.

35. The Enterprise used interstate wires to cause the depositing of large sums of money of ROS to others accounts in furtherance of their frauds.

### Damage to Rismed Oncology Systems, Inc.

36. Defendants have engaged in the scheme or artifice to defraud ROS as described above since at least 2006.

37. Such activities have caused damages to ROS in excess of Fifty Million Dollars ($50,000,000.00).

### COUNT I
### (RICO-I8 U.S.C. § 1962 (c))

38. ROS realleges the facts and allegations set forth in the preceding paragraphs.

39. ROS is a "person," as that term is defined in 18 U.S.C. § 1961(3), which has been injured in its business or property by the conduct of the Defendants in violation of RICO.

40. Each Defendant is a "person," as that term is defined in 18 U.S.C. § 1961(3), culpable for his or its conduct in violation of RICO.

41. Defendants, through their association in fact described above, formed an "enterprise," as that term is defined in 18 U.S.C. § 1961(4), (herein "Enterprise") which was engaged in and the activities of which affected interstate commerce.

42. Defendants were employed by or associated with the Enterprise, and all Defendants conducted or participated, directly or indirectly, in the conduct of the Enterprise's affairs through a pattern of racketeering activity, as described above.

43. Defendants have engaged in a pattern of acts as part of a scheme or artifice to defraud ROS and to obtain money by means of false and fraudulent pretenses and representations. In furtherance of and for the purpose of executing the described scheme or artifice to

defraud, Defendants on numerous occasions used the United States mail, telephonic and facsimile transmissions across interstate commerce, constituting multiple acts of mail fraud, in violation of 18 U.S.C. § 1341, and wire fraud, in violation of 18 U.S.C. § 1343, which in turn constitute "racketeering activity" as that term is defined in 18 U.S.C. § 1961(1). Each such act of racketeering activity had similar purposes, involved the same or similar participants and methods of commission, had the same result upon ROS, and constituted a "pattern of racketeering activity."

44. As a direct and proximate result of Defendants' violations of 18 U.S.C. § 1962(c), ROS has been injured in its business or property through its lost revenues of more than $50,000,000.00. Under 18 U.S.C. § 1964, ROS is entitled to bring this action and to recover herein treble damages and the costs of bringing this lawsuit, including attorneys' fees.

WHEREFORE, premises considered, ROS requests treble damages in an amount to be determined by the trier of fact in addition to costs, interest and reasonable attorneys' fees.

## COUNT II
## (RICO-18 U.S.C. § 1962 (d))

45. ROS realleges the facts and allegations set forth in paragraphs 1 through 44 above.

46. Defendants, being persons employed by or associated with the Enterprise described above, unlawfully and willfully combined, conspired, confederated, and agreed with each other to violate 18 U.S.C. § 1962(c), that is, to conduct and participate, directly or indirectly, in the conduct of the affairs of the Enterprise through a pattern of racketeering activity.

47. As part of the conspiracy, each Defendant agreed to commit and personally committed numerous illegal racketeering acts, and each Defendant conducted the affairs of the Enterprise through the pattern of racketeering activity described above.

48. The racketeering acts which Defendants committed and caused to be committed, were overt acts taken in furtherance of the conspiracy.

49. As a direct and proximate result of Defendants' violations of 18 U.S.C. § 1962(d), ROS has been injured in its business or property through its lost revenues of more than $50,000,000.00. Under 18 U.S.C. § 1964, ROS is entitled to bring this action and to recover herein treble damages and the costs of bringing this lawsuit, including attorneys' fees.

WHEREFORE, premises considered, ROS requests treble damages in an amount to be determined by the trier of fact in addition to costs, interest and reasonable attorneys' fees.

## COUNT III
## (RICO--18 U.S.C. § 1962(a)

50. ROS realleges the facts and allegations set forth in paragraphs 1through 44 above.

51. ROS is a "person," as that term is defined in 18 U.S.C. § 1961(3), which has been injured in its business or property by the conduct of the Defendants in violation of RICO.

52. Defendants are "persons," as that term is defined in 18 U.S.C. § 1961(3), each culpable for their conduct in violation of RICO.

53. Defendants have engaged in a pattern of acts as part of a scheme or artifice to defraud ROS and to obtain money by means of false and fraudulent pretenses and representations. In furtherance of and for the purpose of executing the described scheme or artifice to defraud, Defendants on numerous occasions used the United States mail, or telephonic and facsimile transmissions across interstate commerce, constituting multiple acts of mail fraud, in violation of 18 U.S.C. § 1341, and wire fraud, in violation of 18 U.S.C. § 1343, which in turn constitute "racketeering activity" as that term is defined in 18 U.S.C. § 1961(1). Each such act of racketeering activity had similar purposes, involved the same or similar participants and methods of commission, had the same result upon ROS, and constituted a "pattern of racketeering activity."

54. Upon information and belief, certain defendants used or invested income derived directly or indirectly from a pattern of racketeering activity to acquire an interest in, establish, or operate RDS, Alabama, RDS, Florida, RDS Venezuela, and other entities to engaged in and affected interstate commerce, as described above.

55. As a direct and proximate result of Defendants' violations of 18 U.S.C. § 1962(a), ROS has been injured in its business or property through its lost revenues of more than $50,000,000.00. Under 18 U.S.C. § 1964, ROS is entitled to bring this action and to recover herein treble damages and the costs of bringing this lawsuit, including attorneys' fees.

WHEREFORE, premises considered, ROS requests treble damages in an amount to be determined by the trier of fact in addition to costs, interest and reasonable attorneys' fees.

## Count IV
## (Fraud and Conspiracy to Defraud)

56. ROS realleges the facts and allegations set forth in paragraphs 1 through 44 above.

57. As described above, Defendants acting in concert together caused moneys in the name of ROS to be deposited to other accounts they were in control of and for their own benefit.

58. In agreement with the other Defendants in existence at the time, Daniel Esgardo Rangel Baron made false representations of the status of the contract renewal to ROS.

59. ROS relied on such representations to its detriment.

60. Although ROS had in fact won the contract renewal with the IVSS, Defendants agreed with one another to set up false bank accounts and companies to divert funds of ROS for their own use and purposes.

WHEREFORE, premises considered, ROS requests compensatory and punitive damages in an amount to be determined by the trier of fact in addition to costs and interest.

## Count V
### (Mail Fraud and Wire Fraud-ALA. CODE § 6-5-370)

61. ROS realleges the facts and allegations set forth in paragraphs 1through 61 above.

62. Alabama Code § 6-5-370 allows an injured party to commence a civil action for injury resulting from a felony.

63. Mail fraud is a felony pursuant to 18 U.S.C. § 1341, wire fraud is a felony pursuant to 18 U.S.C. § 1343, and obtaining things of value under false pretenses is a felony under Alabama Code § 13A-8-2.

64. Defendants have engaged in a pattern of acts as part of a scheme or artifice to defraud ROS and to obtain money by means of false and fraudulent pretenses.  In furtherance of and for the purpose of executing the above-described scheme or artifice to defraud, Defendants on numerous occasions used the United States mail, or telephonic and facsimile transmissions across interstate commerce, constituting multiple acts of mail fraud, in violation of18 U.S.C. § 1341, and wire fraud, in violation of 18 U.S.C. § 1343.

65. Defendants made the above-described activities willfully and with intent to deceive.

66. ROS has been injured by the Defendants' mail and wire fraud in an amount greater than $50,000,000.00.

WHEREFORE, premises considered, ROS requests judgment against each separate and several Defendants, compensating Plaintiff in the amount equal to its actual damages of not less than $50,000,000.00, and Plaintiff prays for punitive damages from all Defendants in an amount to be determined by the trier of fact, and for such other relief as to which Plaintiff may be entitled.

Plaintiff demands trial by Jury.

/s/ Gregory H. Revera_____
Gregory H. Revera
M. Paul Killian

Attorneys for Plaintiff,
Rismed Oncology Systems, Inc.

OF COUNSEL
LEO LAW, LLC
200 Randolph Avenue
Huntsville, AL  35801
O: (256) 539-6000
F: (256) 539-6024